UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZACH KOSYLA<br><br>Plaintiff,<br><br>v.<br><br>BAYVIEW LOAN SERVICING, LLC.<br><br>Defendant. | CIVIL ACTION 1:14-cv-10027<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR RELIEF**

Now Comes the Plaintiff, ZACH KOSYLA ("KOSYLA"), by and through his attorneys, Sulaiman Law Group, Ltd., complains of the Defendant, BAYVIEW LOAN SERVICING, LLC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Kosyla brings this action for damages for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA"), violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et. seq. ("ICFA").

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331, 1337, as this action arises under the laws of the United States, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

1

3. Venue and personal jurisdiction are proper in this Court pursuant to 28 U.S.C. §1391 because Defendant conducts business in the Northern District of Illinois and Defendant's collection communications and practices impacted Kosyla within the Northern District of Illinois.

## PARTIES

4. Kosyla is natural person currently residing at 2323 West 174th Street, Chicago, Illinois 60643.

5. Kosyla is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

6. At all times relevant to the action, Defendant was a limited liability corporation with its principal place of business located at 4425 Ponce De Leon, Blvd., 4th, Coral Gables, Florida 33146. Defendant conducts and transacts business in Illinois. Bayview's Illinois registered agent is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

7. Upon information and belief, Defendant is a loan servicing company that is in the business of purchasing mortgage loans which are in default.

8. Defendant is a "debt collector" and a "default servicer" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

9. At all times relevant to this complaint, the Defendant was collecting on a consumer debt as defined by 15 U.S.C. §1692 a(5).

## FACTS SUPPORTING CAUSES OF ACTION

10. In September 2007, Kosyla obtained a residential mortgage (account number XXXXXX0-154) secured by real property located at 2605 S. Indiana Avenue, Unit 302, Chicago, Illinois 60616 ("subject debt") from Sun Trust Mortgage, Inc. ("SunTrust"

2

11. SunTrust retained servicing rights on the subject debt at that time.

12. On May 23, 2012, Kosyla filed a Chapter 7 petition in the United States Bankruptcy Court, Northern District of Illinois, case number 12-21021, invoking the protections of the automatic stay pursuant to 11 U.S.C. §362.

13. When filing his required documents, Kosyla filed a Statement of Intentions which clearly stated his intent to surrender the subject property. *See* attached Exhibit A, a true and accurate copy of the Statement of Intentions filed with Kosyla's Bankruptcy Petition.

14. Kosyla listed SunTrust as a secured creditor on his bankruptcy Schedule D. *See* attached Exhibit B, a true and accurate copy of Schedule D filed with Kosyla's Bankruptcy Petition.

15. By virtue of Kosyla listing SunTrust as a creditor, the Bankruptcy Noticing Center ("BNC") sent SunTrust notice of the bankruptcy filing on May 24, 2012. *See* attached Exhibit C, a true and correct copy of Certificate of Notice executed by the BNC establishing service on SunTrust.

16. On June 18, 2012, Judge Janet S. Baer entered an order modifying the automatic stay as to SunTrust and the subject property. *See* attached Exhibit D, a true and accurate copy of the Order entered on June 18, 2012 by Judge Janet S. Baer.

17. On or About December 21, 2012, SunTrust transferred the mortgage to U.S. Bank N.A., as trustee, in trust for the Benefit of the Holders of Bayview Opportunity Master Fund IIIa REMIC Trust 2012-6NPL1 Beneficial Interest Certificates, Series 2012-6NPL1. Defendant acquired the servicing rights to the subject debt. *See* attached Exhibit E, a true and correct copy of the notice of transfer of servicing rights, dated December 27, 2012.

3

18. Defendant acquired its servicing rights for the subject debt four days after Kosyla's Chapter 7 Bankruptcy was discharged. *See* attached Exhibit F, a true and correct copy of the December 17, 2012 Order of Discharge.

19. Defendant acquired its servicing rights after Kosyla was in default on the subject debt, stay was modified in the Bankruptcy case, Bankruptcy case was discharged and Kosyla surrendered the subject property.

20. On February 17, 2014, Defendant sent a debt Mortgage Statement to Kosyla, which shows a current amount due of $45,492.04. *See* attached Exhibit G, a true and correct copy of Mortgage Statement.

21. The Mortgage Statement stated that "this is your Principal Balance only, not the amount to pay off your loan in full." and "**Partial Payments** is not applied to your mortgage payment..." *Id*.

22. The Mortgage Statement went on to state in part, "... As of 02/17/2-14 you are 900 days delinquent on your mortgage …" *Id*.

23. On January 13, 2014, Defendant called Kosyla's cellular telephone, attempting to collect the subject debt. *See* attached group Exhibit H, a true and accurate copy of Kosyla's phone records.

24. On February 18, 2013, Defendant again called Kosyla's cellular telephone, attempting to collect the subject debt. *See* attached group Exhibit H, a true and accurate copy of Kosyla's phone records.

25. On February 22, 2013, Defendant again called Kosyla's cellular telephone, attempting to collect the subject debt. *See* attached group Exhibit H, a true and accurate copy of Kosyla's phone records.

26. On February 23, 2013, Defendant again called Kosyla's cellular telephone, attempting to collect the subject debt. *See* attached group Exhibit H, a true and accurate copy of Kosyla's phone records.

27. On February 25, 2013, Defendant again called Kosyla's cellular telephone, attempting to collect the subject debt. *See* attached group Exhibit H, a true and accurate copy of Kosyla's phone records.

28. Concerned about the violations of his rights and protections afforded by virtue of filing her Chapter 7 case, Kosyla sought the assistance of counsel to ensure that Defendant's collection efforts ceased.

29. All of Defendant's collection efforts occurred with actual knowledge of Kosyla's bankruptcy filing and within one year of the date of this complaint.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Kosyla repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Defendant violated 15 U.S.C. §§1692c(a)(2), e(2), e(10), and(f) through its debt collection efforts.

32. Defendant violated 15 U.S.C. §1692 c(a)(2) when it sent demands for payment to a consumer it knew to be represented by an attorney.[1]

33. Defendant violated 15 U.S.C. §1692(e)(2) when it misrepresented the character, amount, or legal status of the subject debt. The subject debt was not owed at the time Defendant demanded payment of the subject debt because Kosyla was in a pending bankruptcy and protected by the automatic stay and confirmation order.

---

[1] Defendant, through SunTrust, received notice of the bankruptcy filing which expressly states the name and contact information of Plaintiff's bankruptcy counsel.

34. Kosyla's Chapter 7 Statement of Intention explicitly stated that Kosyla was surrendering the subject property to SunTrust.

35. Similarly, Defendant violated 15 U.S.C. §1692(e)(10) when it falsely represented that the subject debt was collectable at the time of the demands.

36. Defendant violated 15 U.S.C. §1692(f) by employing unfair and unconscionable means to collect the subject debt as Kosyla was protected by the Bankruptcy Discharge, and thus did not have a duty or obligation to make the payment demanded.

37. Given that the underlying subject debt was duly scheduled in Kosyla's bankruptcy, Defendant had no legal right to attempt to collect the subject debts from Kosyla.

38. In doing so, Defendant has shown willful and malicious disregard towards the Bankruptcy Code and the FDCPA.

39. Kosyla has expended numerous hours consulting with her attorneys as a result of Defendant's deceptive collection actions.

40. Kosyla was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect a debt that was not owed at the time of demand.

41. Kosyla suffered emotional distress as a direct consequence of Defendant's unlawful collection practices.

42. As a result of the above violations of the FDCPA, and in consideration of the willful and malicious disregard to the bankruptcy automatic stay, Kosyla is entitled to an award of statutory damages, actual damages, and legal fees pursuant to 15 U.S.C. §1692.

WHEREFORE, Plaintiff, ZACH KOSYLA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Awarding Kosyla statutory damages of $1,000 as prescribed by the FDCPA;

    c. Awarding actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    d. Awarding Kosyla costs and reasonable attorney fees as provided under 15 U.S.C. §1692; and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

43. Kosyla restates and realleges paragraphs 1 through 29 as though fully set forth herein.

44. The TCPA prohibits calling persons on their cell phones using an automatic telephone dialing system. 47 U.S.C. §227(b)(1)(A)(iii).

45. Defendant has placed at least two phone calls to Kosyla's cell phone using an automatic dialing system in violation of the TCPA 47 U.S.C. §227(b)(1)(A)(iii).

46. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Kosyla for $500 per telephone call. As plead above, Defendant was aware of Kosyla's bankruptcy and the prohibition on collection calls by virtue of the automatic stay.

47. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violation of the TCPA should trigger this Honorable Court's ability to triple the damages to which Kosyla is entitled under 47 U.S.C. §227(b)(3)(C).

48. As pled above, Kosyla was harmed by Defendant's repeated collection calls, in addition to incurring increased fees associated with the use of his cellular service.

49. As a result of the above violations of the TCPA, and in consideration of the willful and malicious disregard to the bankruptcy automatic stay and the TCPA, Kosyla is entitled to an award of statutory and treble damages pursuant to 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff, ZACH KOSYLA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Kosyla's damages of $500 per phone call to be demonstrated at trial, for the underlying TCPA violations pursuant to 47 U.S.C. §227(b)(3)(B);

c. Awarding Kosyla's treble damages pursuant to 47 U.S.C. §227(b)(3)(C); and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III -- VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

50. Kosyla restates and realleges paragraphs 1 through 29 as though fully set forth herein.

51. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect a discharged or otherwise extinguished debt from Kosyla.

52. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS 505/2.

53. Defendant's attempt to collect a debt is part of the conduct of any trade or commerce.

54. Defendant's demands for payment on the subject debt, which was duly scheduled in Kosyla's bankruptcy, represents the use of deception, fraud and false pretense in an attempt to

8

collect a debt that was not collectable at the time the demands for payment were made by Defendant.

55. Defendant intended that Kosyla rely on its misrepresentations.

56. ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS 505/10a.

57. As pled above, Kosyla was harmed by Defendant's unfair and deceptive practices.

58. As such, Kosyla is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, ZACH KOSYLA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Kosyla actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding the Kosyla costs and reasonable attorney fees;

d. warding any other relief as this Honorable Court deems just and appropriate.


Dated: December 15, 2014                    Respectfully Submitted,

/s/ Penelope N. Bach
Penelope N. Bach, Esq. ARDC#6284659
Counsel for Plaintiff
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188